

## NUMBER 13-25-00089-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

### IN RE GREAT LAKES INSURANCE SE AND UNDERWRITERS AT LLOYDS (CANOPIUS)

### ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Cron**
**Memorandum Opinion by Justice Peña[1]**

By petition for writ of mandamus, relators Great Lakes Insurance SE and Underwriters at Lloyds (Canopius)[2] contend that the trial court abused its discretion: (1) when it compelled relators to participate in appraisal on April 13, 2023; (2) when it

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] Relator Underwriters at Lloyds (Canopius) is identified in the record as "Certain Underwriters at Lloyd's Subscribing to Policy No. GK19390628343.

denied relators' motions to reconsider and supplement arguments and evidence on September 23, 2024, and December 23, 2024; and (3) when it appointed an umpire in violation of the policy on May 23, 2024. Relators have filed a motion for emergency stay seeking to stay a "status conference hearing scheduled for February 18, 2025[,] wherein the trial court intends to issue a final order as to the issues related to appraisal and the umpire."

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). "[A]lthough mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles." *In re Walker*, 683 S.W.3d 400, 402 (Tex. 2024) (orig. proceeding) (per curiam). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Based on these principles, mandamus is available to remedy certain matters pertaining to the appraisal process. *See, e.g., In re Universal Underwriters of Tex. Ins.*, 345 S.W.3d 404, 412 (Tex. 2011) (orig. proceeding); *In re Auto Club Indem. Co.*, 580 S.W.3d 852, 857 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding); *see also In re Germania Farm Mut. Ins. Ass'n*, No. 13-24-00576-CV, 2025 WL 428509, at *6 (Tex. App.—Corpus Christi–Edinburg Feb. 6,

2025, orig. proceeding) (mem. op.).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relators have not met their burden to obtain mandamus relief. Accordingly, we deny the petition for writ of mandamus and the motion for emergency stay.

L. ARON PEÑA JR.
Justice

Delivered and filed on the
12th day of February, 2025.